# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10385
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

David Devaney, Sr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-213-1

---

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

David Devaney, Sr., challenges:  the denial of his motion to suppress statements made to law-enforcement officers; and his within-Guidelines 480-months' sentence imposed after his bench-trial conviction (based on stipulated facts) for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846.

Regarding the denial of the suppression motion, Devaney contends his waiver under *Miranda v. Arizona*, 384 U.S. 436 (1966), was invalid because

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

he was not rational at the time of the interview, caused by his methamphetamine withdrawal and the stress of solitary confinement. He asserts law enforcement violated his rights by failing to ascertain and confirm he was rational before accepting his waiver.

For the denial of a suppression motion, review of factual findings is for clear error; legal conclusions, *de novo*. *E.g.*, *United States v. Carrillo*, 660 F.3d 914, 922 (5th Cir. 2011). "The evidence introduced at the suppression hearing is viewed in the light most favorable to the government, as the prevailing party." *United States v. Gonzalez*, 190 F.3d 668, 671 (5th Cir. 1999). "The district court's ruling should be upheld if there is any reasonable view of the evidence to support it." *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010) (citation omitted).

Contrary to Devaney's contention, "[t]he sole concern of the Fifth Amendment, on which *Miranda* was based, is governmental coercion". *Colorado v. Connelly*, 479 U.S. 157, 170 (1986). "Indeed, the Fifth Amendment privilege is not concerned with moral and psychological pressures to confess emanating from sources other than official coercion." *Id.* (citation omitted). Devaney identifies no cognizable, official coercion.

For the first time on appeal, Devaney challenges the substantive reasonableness of his sentence, by contending Guideline § 2D1.1 is flawed and lacks an empirical basis. We need not engage in the resulting plain-error review, however, because he concedes this issue is foreclosed by our court's precedent. *See United States v. Lara*, 23 F.4th 459, 485–86 (5th Cir.) (rejecting same challenge), *cert. denied*, 142 S. Ct. 2790 (2022). He presents the issue solely to preserve it for possible further review.

AFFIRMED.

Judge Graves concurs only in the judgment.